WALLACH, Circuit Judge,
concurring.
While I agree with the panel’s decision to affirm the district court’s denial of attorney fees, I write separately to address the behavior of Mr. Teran, counsel of Ap-pellees Mike’s Novelties, Inc.
The district court’s Attorney Fees Order identified three different categories of litigation misconduct supporting its initial award of attorney fees under 35 U.S.C. § 285. Specifically, the district court found Mr. Teran threatened to file complaints of professional misconduct by Lee’s counsel based on unsubstantiated assertions that Lee’s counsel “intimidated and threatened [Mike Novelties’] customers.” S.A. 4. The court also found Mr. Teran employed bad faith litigation tactics because he failed to produce required documents during discovery. Finally, the court found Mr. Teran made intimidating state *948 ments during settlement offers that belied the district court’s rulings on claim construction and summary judgment.
It is ironic Mr. Teran sought to gain leverage in the litigation before the district court by threatening to report Lee’s counsel for potential violation of the California and New York Rules of Professional Conduct, while that very action potentially violated Rule 8.4(c) of the American Bar Association Model Rules of Professional Conduct (“MRPC”).[1]
Mr. Teran’s unsupported representations regarding the court’s determinations on claim construction and summary judgment, his failure to produce required documents during discovery, and his attempt to intimidate opposing counsel via unsubstantiated accusations constitute actions that fail to maintain the integrity of the profession.

. Rule 8.4(c) of the MRPC states ‘‘[i]t is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation.”